UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 12-27488 |
| PEREGRINE FINANCIAL GROUP, INC., | ) | |
| | ) | Chapter: 7 |
| | ) | Honorable Carol Doyle |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**ORDER GRANTING TRUSTEE'S MOTION FOR AN ORDER (1) AUTHORIZING UP TO 100% DISTRIBUTION ON ALLOWED 30.7 CUSTOMER CLAIMS AND AN INTERIM DISTRIBUTION ON ALLOWED 4D CUSTOMER CLAIMS AND (2) AUTHORIZING THE ALLOCATION OF CERTAIN SETTLEMENT PROCEEDS TO THE 4D CUSTOMER ESTATE**

Upon consideration of the motion ("Motion") of Ira Bodenstein, not personally, but as chapter 7 trustee ("Trustee") for the estate of Peregrine Financial Group, Inc. d/b/a PFG Best ("Debtor"), pursuant to 11 U.S.C. §§ 105(a) and 766 and 17 C.F.R. §§ 190.01 through 190.10, seeking the entry of an order authorizing and approving (1) up to a 100% distribution to holders of Allowed 30.7 Customer Claims and up to a 44% interim distribution to holders of Allowed 4d Customer Claims (capitalized terms not defined herein shall have the meanings ascribed thereto in the Motion) and (2) allocating $9,756,934.58 in settlement proceeds recovered from Connie Wassendorf and Thomas and Kay Herrmann to the 4d Estate; sufficient notice having been provided; the Court having core jurisdiction to hear and determine the Motion; the Court having held a hearing on this matter on December 10, 2014 ("Hearing"); it appearing that there is good cause to grant the relief requested based on the legal and factual bases set forth in the Motion and by counsel at the Hearing; and, there being no objection to the relief requested; it is ORDERED:

1. The Motion is granted as set forth herein.

2. The Trustee is authorized to make distributions of segregated cash to holders of Allowed Futures Claims (defined below) as follows: (i) with respect to 30.7 Customers, up to a one hundred percent (100%) distribution to the holders of Allowed 30.7 Customer Claims ("30.7 Distributions") and (ii) with respect to 4d Customers, up to a forty-four percent (44%) distribution to the holders of Allowed 4d Customers Customer ("4d Distribution(s)," and together with the 4d Distributions, the "Distribution(s)"). With respect to holders of Allowed Futures Claims that received all Prior Distributions, the incremental distributions will be 15% to Allowed 30.7 Customer Claims and 7% to Allowed 4d Customer Claims. To the extent that an unresolved claim becomes an Allowed Futures Claim after the entry of this Order, the Trustee is authorized to make the requisite pro rata distribution to the holder of such Allowed Futures Claim without further notice or order of this Court.

3. For the purposes of this Order, Allowed 30.7 Customer Claims and Allowed 4d Customer Claims (collectively, "Allowed Futures Claims") shall include only those proofs of claim filed by Futures Customers in the 4d Customer and 30.7 Customer classes that have been reconciled and deemed allowed by the Trustee; it being understood that Allowed Futures Claims shall not include any of the following: (i) proofs of claim subject to a pending objection pursuant to Fed. R. Bankr. P. 3007; (ii) proofs of claim subject to disputed Notice of Trustee's Assessment of Claim; (iii) proprietary accounts, as defined in the CFTC Regulation 1.3(y), pursuant to the Debtor's books and records; or (iv) proofs of claim that have not been finally reconciled by the Trustee and his professionals.  The Trustee shall be

authorized, in his business judgment, to allow without further objection or reconciliation any proofs of claim filed by Futures Customers that have discrepancies with the Debtor's books and records in an amount less than $1,000. All proofs of claim that are deemed Allowed Futures Claims by the Trustee for the purposes of the Distributions shall be listed in the "Proof of Claim Docket" on the Trustee's website (www.pfgchapter7.com).

4. The Trustee is authorized to open deposit accounts at Union Bank for the purpose of making the Distributions ("Union Bank Distribution Accounts"). The Trustee is further authorized to transfer 4d Estate Funds and 30.7 Estate Funds from the Trustee's operating accounts into the Union Bank Distribution Accounts in amounts sufficient to fund the Distributions. The Trustee is authorized pay all costs and expenses incurred in connection with the implementation of a "positive pay" payment system for the Distributions.

5. The Trustee is authorized to make the Distributions directly to the holders of Allowed Futures Claims ("Holder(s)") by check utilizing the services of the Claims Agent. Alternatively, in the event that a Holder is unable to negotiate the check received from Claims Agent, the Trustee is authorized to wire transfer the funds to the applicable Holder's bank account. All costs and expenses incurred by the Estate in connection with the cancellation of a check and either (i) initiating a wire transfer or (ii) reissuing a check (collectively, the "Bank Fees") shall be paid for by the applicable Holder and the Trustee is authorized to deduct the Bank Fees from the Distribution. The Trustee may, in his sole discretion, withhold any Distribution if (x) the total amount to be distributed on account of an Allowed 4d Customer Claim is less than $100 or (y) a Prior Distribution was either returned to the Claims Agent as undeliverable or was not negotiated by the Holder.

6. With respect to a Distribution to any Holder that is either (i) not negotiated by the Holder within ninety days (90) of the date of the check or (ii) undeliverable by virtue of a bad address, bad transfer instructions or any other reason that prevents the Trustee from properly transferring the Distribution to the Holder, the Trustee may, in his sole discretion, withhold such Distribution until the Court authorizes a subsequent distribution to such Holder. If any dispute arises as to the identity of a Holder who is to receive a Distribution, the Trustee may, his sole discretion, withhold the Distribution until the disposition thereof can be determined by this Court or by written agreement among the interested parties to such dispute.

7. The record date for the Distributions shall be 11:59 p.m. (CST) on December 3, 2014 ("Record Date"). As of the Record Date, the claims register is closed and the Trustee shall have no obligation to recognize transfers of any claims occurring after the Record Date for the purposes of the Distributions. The Trustee is authorized to mail Distribution checks to each Holder at the address contained in the proof of claim as of the Record Date.

8. The Trustee is authorized to allocate to the 4d Estate for distribution to holders of Allowed 4d Customer Claims (i) $7,250,000.00 in settlement proceeds recovered from the Herrmanns and (ii) $2,506,934.58 of the settlement proceeds recovered from Connie Wassendorf.

Enter:

*/s/ Carol A. Doyle*

Honorable Carol A. Doyle
United States Bankruptcy Judge

Dated: December 11, 2014

**Prepared by:**

Allen J. Guon (#6244526)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60654
Phone: (312) 541-0151