# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PEREGRINE FINANCIAL GROUP, INC., | ) | Case No. 12-27488 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | **Hearing Date: January 15, 2015** |
| | ) | **Hearing Time: 10:00 a.m.** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Thursday, January 15th at 10:00 a.m., the undersigned shall appear before the Honorable Judge Carol A. Doyle, in Courtroom 742, 219 South Dearborn Street, Chicago, Illinois, and then and there present the **TRUSTEE'S MOTION TO APPROVE SETTLEMENT WITH AT&T CORP.,** at which time you may appear if you deem fit.

Dated: December 16, 2014

Respectfully submitted,

Ira Bodenstein, not personally, but as chapter 7 trustee for the estate of Peregrine Financial Group, Inc.

By   /s/ *Marc S. Reiser*
   One of his proposed attorneys

Robert M. Fishman (#3124316)
Marc S. Reiser (#6310575)
Ira Bodenstein (#3126857)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Il  60654
Phone: (312) 541-0151
Fax: (312) 980-3888

# **CERTIFICATE OF SERVICE**

Marc S. Reiser certifies that he caused to be served a true copy of the above and foregoing **NOTICE OF MOTION** and **TRUSTEE'S MOTION TO APPROVE SETTLEMENT WITH AT&T CORP.,** upon the attached Electronic Mail Notice List through the ECF System and on the attached Service List in the manner so indicated on this 16th day of December, 2014.

/s/ *Marc S. Reiser*

**CM/ECF Email Notice List for Case 12-27488:**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Gregory C Armstrong    gregory.armstrong@armstronglawgroup.com
- Terence G Banich    tbanich@shawfishman.com, kbobb@shawfishman.com
- Stacie E Barhorst    sbarhorst@kpglaw.com
- Lawrence M. Benjamin    lbenjamin@ngelaw.com, rwills@ngelaw.com
- Stephen T. Bobo    sbobo@reedsmith.com
- Ira Bodenstein    iratrustee@shawfishman.com, IL29@ecfcbis.com;cowens@shawfishman.com
- Ira Bodenstein    ibodenstein@shawfishman.com, cowens@shawfishman.com
- Patrick W Carothers    pcarothers@leechtishman.com, ghauswirth@leechtishman.com;bankruptcy@leechtishman.com;dtomko@leechtishman.com
- Paul Catanese    pcatanese@mcguirewoods.com, docket@mcguirewoods.com
- David E Cohen    dcohen@fishercohen.com
- Brooke E Conner    bconner@vedderprice.com, ecfdocket@vedderprice.com;cpotter@vedderprice.com
- Jerome F Crotty    jcrotty@rieckcrotty.com, bhenry@rieckcrotty.com
- James M. Crowley    jcrowley@crowleylamb.com, docket@crowleylamb.com;mmusto@crowleylamb.com
- Carrie E Davenport    cdavenport@shawfishman.com, kbobb@shawfishman.com
- Michael C Dell'Angelo    mdellangelo@bm.net, rwalton@bm.net
- David R Doyle    ddoyle@shawfishman.com, kjanecki@shawfishman.com
- Michael M. Eidelman    meidelman@vedderprice.com, ecfdocket@vedderprice.com
- Joseph O Enright    joenright@ohfdlaw.com
- Robert M Fishman    rfishman@shawfishman.com, kjanecki@shawfishman.com
- Geoffrey S. Goodman    ggoodman@foley.com, egreen@foley.com;khall@foley.com
- Ava Gould    agould@cftc.gov
- Gordon E. Gouveia    ggouveia@shawfishman.com, kjanecki@shawfishman.com
- Joshua M Grenard    jgrenard@mayerbrown.com, courtnotification@mayerbrown.com
- Allen J Guon    aguon@shawfishman.com, cowens@shawfishman.com
- John W Guzzardo    jguzzardo@shawfishman.com, jhampton@shawfishman.com
- Bernard A Henry    bhenry@rieckcrotty.com
- David Paul Holtkamp    dholtkamp@wfactorlaw.com, gsullivan@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;dholtkamp@ecf.inforuptcy.com;nbouchard@wfactorlaw.com

- Stephanie K. Hor-Chen     schen@vedderprice.com, ecfdocket@vedderprice.com
- Allison Hudson     ahudson@shawfishman.com, jhampton@shawfishman.com
- Kevin M Hyde     khyde@shawfishman.com, kbobb@shawfishman.com
- Paula K. Jacobi     pjacobi@btlaw.com, jsantana@btlaw.com;jbennett@btlaw.com
- Cindy M. Johnson     cjohnson@jnlegal.net, KLindsey@jnlegal.net
- Andrew Jones     andrew@ajoneslaw.com
- Patrick M Kinnally     pkinnally@kfkllaw.com, mlenert@kfkllaw.com;tdegrado@kfkllaw.com
- Thomas S Kiriakos     tkiriakos@mayerbrown.com, Courtnotification@mayerbrown.com
- James C. Koutoulas     jk@typhoncap.com
- Vincent E. Lazar     vlazar@jenner.com, docketing@jenner.com;thooker@jenner.com
- Randall M Lending     rlending@vedderprice.com, trobinson@vedderprice.com;ecfdocket@vedderprice.com
- Kyle A Lindsey     klindsey@jnlegal.net, cjohnson@jnlegal.net
- James J McNamara     jmcnamara@srcattorneys.com
- Michael C. Moody     mmoody@orourkeandmoody.com, firm@orourkeandmoody.com,morourke@orourkeandmoody.com
- Michael J O'Rourke     morourke@orourkeandmoody.com, firm@orourkeandmoody.com
- James A Pope     jpope@popelegal.com
- Mark L Radtke     mradtke@shawfishman.com, jbunton@shawfishman.com
- Jack A Raisner     JAR@outtengolden.com, jxh@outtengolden.com;kdeleon@outtengolden.com;kcarter@outtengolden.com
- Marc S Reiser     mreiser@shawfishman.com, jhampton@shawfishman.com
- Robert E Richards     robert.richards@dentons.com, NDIL_ECF@dentons.com
- Peter J Roberts     proberts@shawfishman.com
- Steven Robinson     steven.robinson@sidley.com, steve.robinson@gmail.com
- Mark J Rose     mjroseesq@aol.com
- Patrick F Ross     pfross@uhlaw.com, kburde@uhlaw.com;rjanczak@uhlaw.com;sbmiller@uhlaw.com;jtruskusky@uhlaw.com
- Rene S Roupinian     rsr@outtengolden.com, jxh@outtengolden.com;kdeleon@outtengolden.com;kcarter@outtengolden.com
- Rene S Roupinian     RSR@outtengolden.com, jxh@outtengolden.com;kdeleon@outtengolden.com;kcarter@outtengolden.com
- Richard A. Saldinger     rsaldinger@shawfishman.com, msalazar@shawfishman.com
- Jessica M Scheller     jscheller@atg.state.il.us
- Vincent Paul Schmeltz III     vschmeltz@btlaw.com, jzipfel@btlaw.com;jlennon@btlaw.com
- Sean T Scott     stscott@mayerbrown.com, mlotito@mayerbrown.com
- Scott A Semenek     scott.semenek@faegrebd.com, droberg@faegrebd.com
- Brian L Shaw     bshaw@shawfishman.com, jbunton@shawfishman.com
- Peter A Siddiqui     peter.siddiqui@kattenlaw.com
- Alan P. Solow     alan.solow@dlapiper.com, docketingchicago@dlapiper.com;oksana.koltko@dlapiper.com
- Anne W Stukes     astukes@cftc.gov, ogcecf@cftc.gov
- William W Thorsness     wthorsness@vedderprice.com, ecfdocket@vedderprice.com;ahesla@vedderprice.com

- Rue K Toland     rtoland@mayerbrown.com, docketrequests@mayerbrown.com
- John Edward Waters     john.waters@iowa.gov
- Thomas C. Wolford     twolford@ngelaw.com, ecfdocket@ngelaw.com;mmirkovic@ngelaw.com
- Stefanie Wowchuk McDonald     stefanie.mcdonald@dentons.com, NDIL_ECF@dentons.com
- Joseph R. Ziccardi     jziccardi@ziccardilaw.com
- Jonathan Zinman     jzinman@soluslp.com

**Parties Served Via U.S. Mail**

Joshua H. Raymond
Trenk DiPasqualle
347 Mount Pleasant Avenue
Suite 300
West Orange, NJ 07052
*Counsel for AT&T Corp.*

**Parties Served Via E-Mail**

Gaivesville Coins, Inc.
c/o Stephanie C. Lieb, Esq.
101 E. Kennedy Blvd., Ste. 2700
Tampa, FL 33602
rcolton@trenam.com
slieb@trenam.com

John B. Connor
John B. Connor, P.L.C.
1033 N. Fairfax St., Ste. 310
Alexandria, VA 22314
jack@johnbconnor.com

Joseph M. Russell
JP Morgan Chase Bank NA
10 S. Dearborn Street
Chicago, IL 60603
Joe.russell@jpmchase.com

Outten & Golden LLP
Attn: Jack Raisner/Rene Roupinian
3 Park Ave., 29th Floor
New York, NY 10016
rsr@outtengolden.com
jar@outtengolden.com

Gilbert B. Weisman
Becket & Lee LLP
16 General Warren Blvd.
Malvern, PA 19355
Notices@becket-lee.com

Stephen Mertz
Michael Stewart
Faegre Baker Daniels LLP
90 South 7th St., Ste. 2200
Minneapolis, MN 55402
stephen.mertz@faegrebd.com
Michael.stewart@faegrebd.com

Alicia Martin
Attn:  Steven R. Lehr, Esq.
Steven R. Lehr, P.C.
33 Clinton Road, Ste. 100
West Caldwell, NJ  07006
slehr@lehrlaw.com

Larry Lefoldt
Lefoldt & Co., P.A.
690 Towne Center Blvd.
Ridgeland, MS  39158
mllefoldt@lefoldt.com

Vivian Drohan
Drohan Lee LLP
489 Fifth Avenue
New York, NY  10017
vdrohan@dlkny.com

Scott Williamson
Deputy Regional Counsel
525 W. Monroe St., Ste. 1100
Chicago, IL  60661
swilliamson@cftc.gov

Pat DiMaria
PFG Best
10 S. Riverside Plaza, Ste. 1824
Chicago, IL  60606
pdimaria@pfgbest.com

Joseph Corrigan
Iron Mountain Information
745 Atlantic Avenue
Boston, MA  02111
bankruptcy2@ironmountain.com

William L. Wallander
John Paul K. Napier
Vinson & Elkins L.L.P.
2001 Ross Avenue, Ste. 3700
Dallas, TX  75201
jnapier@velaw.com
bwallander@velaw.com

Lazonia Clark
Chase Paymentech Solutions, LLC
14221 Dallas Parkway
Building II
Dallas, TX 75254-2942
Lazonia.clark@chasepaymentech.com

Andrea M. Momnie
Philip J. Hendel
Hendel & Collins, P.C.
101 State Street
Springfield, MA 01103
amomnie@hendelcollins.com

Rosemary Hollinger
Regional Counsel
CFTC
525 W, Monroe, Ste. 1100
Chicago, IL  60661
rhollinger@cftc.gov

Robert Wasserman
Chief Counsel
CFTC
1155 21st St. N.W.
Washington, D.C.  20581
rwasserman@cftc.gov

Mark D. Sherrill
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue NW
Washington, DC 20004-2415
mark.sherrill@sutherland.com

Case 12-27488    Doc 3275    Filed 12/16/14    Entered 12/16/14 15:08:37    Desc Main

| | |
|---|---|
| Roy Thompson<br>15938 SW Quarry Rd., Ste. B-6<br>Lake Oswego, OR  97035<br>roythompson@comcast.net | Gretchen M. Silver<br>Office of US Trustee<br>219 S. Dearborn, Ste. 873<br>Chicago, IL  60604<br>Gretchen.silver@usdoj.gov |

{10403-001 MSC A0392633.DOCX}                                    6

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PEREGRINE FINANCIAL GROUP, INC., | ) | Case No. 12-27488 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | **Hearing Date: January 15, 2015** |
| | ) | **Hearing Time: 10:30 a.m.** |

**TRUSTEE'S MOTION TO APPROVE SETTLEMENT
WITH AT&T CORP.**

Ira Bodenstein, not personally, but as chapter 7 trustee ("Trustee") of Peregrine Financial Group, Inc. ("Debtor" or "PFG") hereby requests the entry of an order from this Court, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure: (a) approving the terms of settlement (the "Settlement"), which have been agreed to by and between the Trustee on the one hand, and AT&T Corp. ("AT&T" and, collectively with the Trustee, the "Parties") on the other; and (b) finding that the Settlement complies with the Bankruptcy Code and other applicable law (the "Motion"). In support of the Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15 (a) of the United States District Court for the Northern District of Illinois.

2. Venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. § 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b) (2) (A), (M) and (O).

3. The statutory bases for the relief requested herein are 11 U.S.C. §§ 105, 363 and Federal Rules of Bankruptcy Procedure 9019.

## FACTUAL BACKGROUND

4. On July 10, 2012 (the "Petition Date"), the Debtor filed a voluntary case under chapter 7 of the Bankruptcy Code, thereby commencing the above-entitled case (the "Case"). On July 11, 2012, the Trustee was appointed as the successor Chapter 7 Trustee of the Debtor by the U.S. Trustee, has accepted his appointment, and is acting, duly qualified, as Trustee of the Debtor.

5. Within the ninety-day period prior to the Petition Date (the "Preference Period"), the Debtor transferred to AT&T certain payments in the aggregate amount of $14,057.34 (the "Transfers"). On June 6, 2014, the Trustee sent a demand letter (the "Trustee's Demand") to AT&T which asserted that AT&T had received the Transfers from the Debtor which may be avoidable and the value thereof recoverable for the benefit of the Debtor's estate (the "Estate") under sections 547 and 550 of the Bankruptcy Code (the "Avoidance Claims").

6. On July 3, 2014, the Trustee filed his Complaint to Avoid and Recover Preferential Transfers against AT&T (the "Complaint"), commencing adversary proceeding no. 14-00428 (the "Adversary Proceeding"). The Adversary Proceeding seeks to avoid and recover the Transfers for the benefit of the Debtor's estate.

7. AT&T has denied liability and asserted certain affirmative defenses to the Adversary Proceeding. The Parties have engaged in negotiations and the Parties have reached an agreement that would resolve any and all claims between the Parties relating to the Transfers. In conjunction with the settlement discussions, the Trustee and his professionals have analyzed the defenses to the Transfers asserted by AT&T. In doing so, the Trustee believes that to avoid the uncertainties and expense of litigation, it is in the best interests of its creditors and its estate to

settle and compromise all claims that the Trustee has or may have against AT&T relating to the Transfers.

8. The Parties have agreed, subject to this Court's approval, to the terms and conditions of a Settlement Agreement attached hereto as Exhibit A (the "Settlement Agreement"). The pertinent terms of the Settlement Agreement are as follows:

   a. AT&T will make a lump sum payment to the Trustee of $8,500 (the "Settlement Amount').

   b. The Trustee will fully and forever release and waive any and all claims related to the Transfers which the Trustee has or may have against AT&T and will voluntarily dismiss the Adversary Proceeding *with prejudice*.

   c. AT&T will fully and forever release and waive any and all claims related to the Transfers.

   d. Each of the Parties will bear its own costs and expenses, including attorneys' fees, arising out of the matters related to the Settlement Agreement.

9. The Trustee has determined that the foregoing compromise, which was the result of arms' length negotiations conducted in good faith, is fair in all respects and represents a favorable resolution in a manner that is in the best interests of the Estate. Accordingly, the Trustee seeks authority to take all actions necessary to consummate the Settlement.

10. The effectiveness of the Settlement is conditioned upon the entry by the Bankruptcy Court of an order approving the Settlement, attached hereto as a proposed order.

### RELIEF REQUESTED AND REASONS THEREFOR

11. Federal Rule of Bankruptcy Procedure 9019 provides that, upon notice to creditors and a hearing, a bankruptcy court may approve a compromise or settlement. Fed. R. Bankr. P.

9019(a). The Bankruptcy Court has broad discretion when deciding to approve, or disapprove a proposed settlement but should approve a settlement where a trustee demonstrates that the settlement: (a) is in the best interests of the estate; and (b) is fair and reasonable. *In re Energy Coop, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989); *In re Am. Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987). Compromise is a normal part of the reorganization process and is favored by the law. *In re Apex Oil Co.*, 92 B.R. 847, 866 (Bankr. E.D. MO. 1988).

12. Courts primarily consider four factors in considering whether to approve or disapprove a settlement under Fed. R. Bankr. P. 9019(a). *In re Central Ice Cream Co.*, 59 B.R. 476, 487 (Bankr. N.D. Ill. 1985), *appeal dismissed*, 62 B.R. 357 (N.D. 111. 1986); *In re Flight Transportation Corp.*, 730 F.2d 1128, 1135-36 (8th Cir. 1984). The factors are: (a) the likelihood of success; (b) the difficuAT&Tes in collection; (c) the complexity of the litigation, the expense, inconvenience and delay; and (d) the paramount interest of the creditors in proper deference to their reasonable views. *In re Central Ice Cream Co.*, 59 at 487 *appeal dismissed*, 62 B.R. at 357 (1986); *In re Trism, Inc.*, 282 B.R. 662, 668 (8th Cir. B.A.P. 2002).

13. On the basis of these standards, the Motion should be granted. The Trustee and his counsel have spent significant time and resources investigating the factual circumstances surrounding the Avoidance Claims and legal research and factual investigation regarding the validity of defenses asserted by AT&T. After assessing (i) AT&T's asserted defenses to the Avoidance Claims; (ii) the anticipated litigation costs and corresponding risks involved in prosecuting the Adversary Proceeding against AT&T; and (iii) the fact that an immediate resolution can be achieved through the Settlement, the Trustee has concluded that the Settlement is fair in all respects and represents a favorable resolution in a manner that is consistent with the best interests of the Debtor's Estate and its creditors.

14. Finally, the Settlement does not conflict with any provision of the Bankruptcy Code or applicable non-bankruptcy law.

## NOTICE

15. Notice of this Motion has been served upon: the United States Trustee and all parties requesting notice in the Case via the ECF/CM system, as well as on counsel for AT&T by First Class Mail. The Trustee respectfully submits that no further notice is required.

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto: (i) approving the Settlement; (ii) authorizing the Trustee and AT&T to perform all actions necessary to consummate and carry out the obligations set forth in the Settlement Agreement; (iii) finding that the Settlement complies with the Bankruptcy Code and other applicable law; and (iv) provide the Parties with such additional relief as may be appropriate and just under the circumstances.

Dated: December 16, 2014

Respectfully submitted,

Ira Bodenstein, not personally, but as chapter 7 trustee for the estate of Peregrine Financial Group, Inc.

By:   */s/ Marc S. Reiser*
     One of his attorneys

Robert M. Fishman (#3124316)
Marc S. Reiser (#6310575)
Ira Bodenstein (#3126857)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street
Suite 800
Chicago, Il  60654
Phone: (312) 541-0151
Fax: (312) 980-3888