UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PEREGRINE FINANCIAL GROUP, INC., | ) | Case No. 12-27488 |
| | ) | |
| | ) | |
| | ) | Honorable Judge Carol A. Doyle |
| Debtor. | ) | |

## AMENDED FINAL ORDER GRANTING TRUSTEE'S THIRD OMNIBUS OBJECTION TO LATE FILED CLAIMS

Upon the Trustee's Third Omnibus Objection ("Objection") to Certain Late Filed Claims for entry of an order *nunc pro tunc* to March 27, 2014, reclassifying Claim No. 14008 asserted by Steven Spinner as a tardily filed, general unsecured claim entitled to third priority distribution under 11 U.S.C. § 726(a)(3); it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that notice of the Objection and the opportunity for a hearing on the Objection were appropriate under the particular circumstances and that no other or further notice need be given; the Court having considered the Objection, the response filed by Steven Spinner, and the Trustee's Omnibus Reply (Dkt. 2278); and for the reasons set forth on the record in open court on March 27, 2014, it is hereby **ORDERED**:

1. Claim No. 14008 asserted by Steven Spinner is hereby reclassified *nunc pro tunc* as of March 27, 2014, as a tardily filed, general unsecured claim entitled to third priority distribution under 11 U.S.C. § 726(a)(3).

2. The Trustee's right to (a) amend, modify or supplement the Objection, (b) file additional objections to the claims or any other claims (filed or not) which may be asserted against the Estate and/or (c) seek further reduction of any claim to the extent such claim has been

{10403-001 ORD A0397196.DOCX}

paid, are preserved. Additionally, should one or more of the grounds of objection stated in the Objection be dismissed, the Trustee's right to object on other stated grounds or on any other grounds that the Trustee discovers during the pendency of this case is further preserved.

3. The Trustee and the Claims Agent are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement or interpretation of this Order.

Dated: 2/4/15

_____
United States Bankruptcy Judge

{10403-001 ORD A0397196.DOCX}