**United States Bankruptcy Court, Northern District of Illinois**

| Name of Assigned Judge | **Carol A. Doyle** | Case No. | 12 B 27488 |
|---|---|---|---|
| **DATE** | February 13, 2015 | **ADVERSARY NO.** | |
| **CASE TITLE** | Peregrine Financial Group, Inc. | | |

**DOCKET ENTRY TEXT**

Trustee's motion for determination of claims asserted by H. Gilbert Jones and Julie S. Jones, David Wenger, Sean Michael Lenihan and Arthur Blau is granted.

**[For further details see text below.]**

**STATEMENT**

Peregrine trustee Ira Bodenstein filed a motion requesting the court to determine the allowed amount of the customer claims filed by five former customers of Peregrine: H. Gilbert Jones and Julie S. Jones, David Wenger, Sean Michael Lenihan, and Arthur Blau. The trustee was unable to resolve the issue informally with the claimants so he filed the motion before the court objecting to the amount of each claim. Only one claimant, David Wenger, filed a response. Wenger argues that the founder and CEO of Peregrine, Russell Wasendorf, Sr., perpetrated a fraud against Peregrine's customers so Wenger is entitled to the return of all the funds in his commodity futures account, not just the *pro rata* distribution that every other futures customer will receive. The trustee filed a reply arguing that, under the Bankruptcy Code, the trustee is obligated to distribute customer property ratably to customers based on their allowed net equity. The trustee is correct.

## **STATEMENT**

Section 766(h) of the Bankruptcy Code provides that,

> the trustee shall distribute customer property ratably to customers on the basis and to the extent of such customers' allowed net equity claims, and in priority to all other claims, except claims of a kind specified in section 507(a)(2) of this title that are attributable to the administration of customer property.

11 U.S.C. § 766(h). The trustee is therefore required to distribute to each customer his proportionate share of the customer funds available. Wenger is not entitled to any greater percentage of those funds than any similar customer.

Wenger does not argue that the trustee failed to calculate his claim correctly. He contends instead that Wasendorf's fraud requires a different result. This is not correct. Section 766(h) dictates the same result whether the case involves fraud or not. Wenger also cites to § 727 of the Bankruptcy Code to support an argument that Peregrine cannot receive a discharge because of Wasendorf's fraud. Section 727 does not apply in this case, however, because corporate entities do not receive a discharge in chapter 7. Finally, Wenger argues that he called Peregrine a few months before the bankruptcy was filed and asked that his account be closed. He provides no evidence to support this contention, and the trustee has found no record of any such call. Even if he made such a call, Wenger would not be entitled to any greater distribution of customer funds under § 766(h) than similar customers; he would still only be entitled to his *pro rata* share of the customer funds available for distribution by the trustee.

The trustee's motion is granted in its entirety and each of the claims shall be paid according to the trustee's calculations.

Dated: February 13, 2015

ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge