IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PEREGRINE FINANCIAL GROUP, INC., | ) | Case No. 12-27488 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

**STIPULATION AND ORDER PROVIDING TEMPORARY STAY OF DISPUTE OVER OWNERSHIP OF PROOF OF CLAIMS NOS. 4367 AND 338**

This day came Mustifa Shakil ("Mr. Shakil") and VonWin Capital Management, L.P. ("VonWin," and together with Mr. Shakil, the "Parties"), each by counsel, and requested that the Court enter this Order providing a ninety-day stay regarding their dispute over the ownership of Proof of Claim Numbers 4367 and 338, representing to the Court that they have stipulated as follows (the "Stipulations"):

(a) Mr. Shakil asserts, without limitation, that he filed Proof of Claim Numbers 4367 and 338, that he is the owner of those claims and any related distributions from the bankruptcy estate (the "Claims"), and that he has never sold the Claims to anyone. Mr. Shakil has filed papers with the Court in this regard, including his "Objection to Alleged Evidence of Transfers of Proof of Claim Nos. 4367 and 338 and Request, As Needed, For Extension of any Related Deadlines" filed on January 12, 2015 (Docket No. 3311) (the "Objection"), and a letter to the Court filed on January 13, 2015 (Docket No. 3319);

(b) VonWin asserts, without limitation, that it has purchased the Claims, and on October 14, 2014, VonWin filed two Transfers of Claim Other Than For Security (Docket Nos. 3036 and 3037), relating to its alleged purchases;

(c) Since the filing of the Objection and VonWin's retention of counsel at about that time, the Parties have worked cooperatively to exchange information and attempt to resolve their dispute regarding who is the rightful owner of the Claims and, relatedly (but without limitation), (i) whether the purported sale of the Claims to VonWin is valid under Federal Rule of Bankruptcy Procedure 3001(e), and (ii) whether that purported sale is still subject to objection in this Court under Rule 3001(e) (the "Dispute"). Based on those efforts, the Parties believe there is a reasonable hope that within ninety (90) days they can resolve the Dispute in a practical manner and without the assistance of this Court;

(d) In light of their hope to resolve the Dispute without the Court's assistance, the Parties believe it is in their respective interests, as well as in the interest of conserving the Court's resources and avoiding unnecessary litigation, to refrain from filing additional pleadings or taking other actions in this Court relating to the Dispute for 90 days from the entry of this Stipulation and Order (the "Stay Period"), except as provided in this Stipulation and Order;

(e) The Parties agree to cooperate with each other during the Stay Period in order to consensually resolve the Dispute and refrain from filing pleadings during the Stay Period; except that (i) this does not limit Mr. Shakil or VonWin's ability to take action necessary to preserve their rights against any third-parties during the 90-day period, if necessary; (ii) Mr. Shakil may file any additional pleadings that are necessary for enlargement of the time to object to the alleged sale of the Claims to VonWin under Rule 3001(e); (iii) if, before the expiration of the Stay Period the Parties' effort to resolve the Dispute by consent breaks down, or if either Party in good faith believes, notwithstanding

this Stipulation and Order, that they need to file a pleading or take other action in this Court during the Stay Period in order to protect their rights and remedies in connection with the Dispute, then the Parties may recommence filing pleadings and taking other actions to have the Dispute resolved by this Court, provided, however, that the party wishing to recommence litigation first provides, as a courtesy, advance written notice that specifies the action(s) it intends to take and/or the pleading(s) it intends to file, such that the opposing party may adequately prepare and respond accordingly;

(f)   Each Party further agrees that he/it will not attempt to use any delay or failure by the other Party to file pleadings or take other actions in this Court during the Stay Period against such other Party in any litigation that takes place between the Parties;

(g)   The Parties have consulted the Chapter 7 Trustee in this case, Ira Bodenstein (the "Trustee"). The Trustee (i) does not oppose a 90-day stay regarding the Dispute and (ii) is willing to hold any distributions on the Claims pending the resolution of the Dispute;

(h)   No other creditors or parties in interest in this Chapter 7 case have an interest in the Dispute; and

(i)   All the relief provided in this Stipulation and Order is consistent with the requested stay and protection of the Parties' respective rights and interests relating to the Dispute.

Upon consideration of the Parties' stipulations, and it appearing that no other creditors or parties in interest have an interest in the Dispute; that the resources of the Parties and the Court will be conserved if the Dispute can be resolved by consent in the next 90 days; that a temporary stay therefore is reasonable and appropriate under the

circumstances; and that the relief provided below is consistent with the requested stay and protection of the Parties' respective rights and interests relating to the Dispute, the Court hereby FINDS and ORDERS as follows:

1. The Parties' Stipulations are APPROVED, and their request for a ninety-day stay with respect to the Dispute is GRANTED.

2. Neither Party shall attempt to use any delay or failure by the other Party to file pleadings or take other actions in this Court during the Stay Period against such other Party in any litigation between the Parties.

3. The Trustee shall keep any distributions on the Claims in the possession of the bankruptcy estate pending agreement by the Parties or an Order of this Court.

Enter: _____
Carol A. Doyle
United States Bankruptcy Judge 2/26/15

MUSTIFA SHAKIL
By: _____
David A. Newby, Esq.
COMAN & ANDERSON, P.C.
650 Warrenville Rd., Suite 500
Lisle, IL 60532
(630) 428-2660 (phone); (630) 428-2549 (fax)
dnewby@comananderson.com

and

Neil E. McCullagh, Esq. (admission pro hac vice pending)
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, VA 23219
(804) 697-2000 (phone); (804) 697-2100 (fax)
nmccullagh@spottsfain.com

VONWIN CAPITAL MANAGEMENT, L.P.

By: _____
Vincent P. (Trace) Schmeltz III, Esq.
Barnes & Thornburg LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606-2833
Telephone: (312) 214-4830
*TSchmeltz@btlaw.com*