**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| *In re:* | ) | Chapter 7 |
| | ) | |
| PEREGRINE FINANCIAL GROUP, INC., | ) | Case No. 12-27488 |
| | ) | |
| *Debtor.* | ) | Hon. Carol A. Doyle |

## NOTICE OF MOTION

    PLEASE TAKE NOTICE that on **May 8, 2019**, at **10:30 a.m.**, the undersigned shall appear before the Honorable Judge Carol A. Doyle, in Courtroom 742, 219 South Dearborn Street, Chicago, Illinois, and then and there present the **TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH UNIVERSITY OF IOWA AND UNIVERSITY OF IOWA FOUNDATION AND SHORTEN NOTICE**, at which time you may appear if you deem fit.

Dated: April 18, 2019

                    Respectfully submitted,

                    Ira Bodenstein, not personally, but as chapter 7 trustee for the estate of Peregrine Financial Group, Inc.


                    By:   */s/ David R. Doyle*
                           One of his attorneys

Terence G. Banich
Mark L. Radtke
David R. Doyle
Fox Rothschild LLP
321 North Clark Street
Suite 800
Chicago, Illinois 60654
Phone: (312) 541-0151

Active\93603541.v1-4/18/19

## **CERTIFICATE OF SERVICE**

David R. Doyle certifies that he caused to be served a true copy of the above and foregoing **NOTICE OF MOTION** and **TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH UNIVERSITY OF IOWA AND UNIVERSITY OF IOWA FOUNDATION AND SHORTEN NOTICE** upon the attached Electronic Mail Notice List through the ECF System and on the attached Service List in the manner so indicated on this 18th day of April, 2019.

/s/ *David R. Doyle*

## **Mailing Information for Case 12-27488**
## **Electronic Mail Notice List**

- R Scott Alsterda    rsalsterda@nixonpeabody.com
- Gregory C Armstrong    gregory.armstrong@armstronglawgroup.com
- Terence G Banich    tbanich@foxrothschild.com, kjanecki@foxrothschild.com
- Terence G Banich    tbanich@shawfishman.com, kjanecki@foxrothschild.com
- Stephen T. Bobo    sbobo@reedsmith.com, bankruptcy-2628@ecf.pacerpro.com
- Ira Bodenstein    ibodenstein@foxrothschild.com, plove@foxrothschild.com; chdocket@foxrothschild.com
- Ira Bodenstein    iratrustee@foxrothschild.com, IL29@ecfcbis.com; plove@foxrothschild.com;chdocket@foxrothschild.com
- Terrence Buehler    tbuehler@tbuehlerlaw.com, cbunker@tbuehlerlaw.com
- Patrick W Carothers    pcarothers@leechtishman.com, ghauswirth@leechtishman.com; bankruptcy@leechtishman.com;dtomko@leechtishman.com
- Paul Catanese    pcatanese@mcguirewoods.com, docket@mcguirewoods.com
- David E Cohen    dcohen@fishercohen.com
- Brooke E Conner    bconner@vedderprice.com, ecfdocket@vedderprice.com; shampton@vedderprice.com;brooke-conner-0457@ecf.pacerpro.com; 7610@ecf.pacerpro.com
- Brooke E Conner    bconner@vedderprice.com, ecfdocket@vedderprice.com; shampton@vedderprice.com;brooke-conner-0457@ecf.pacerpro.com; 7610@ecf.pacerpro.com
- Jerome F Crotty    jcrotty@rieckcrotty.com, bhenry@rieckcrotty.com
- James M. Crowley    jcrowley@plunkettcooney.com, mfarhoud@plunkettcooney.com; mmusto@plunkettcooney.com
- Carrie E Davenport    cdavenport@shawfishman.com, kbobb@shawfishman.com
- Michael C Dell'Angelo    mdellangelo@bm.net, tstires@bm.net
- Jennifer Devroye    jdevroye@foxrothschild.com, kjanecki@foxrothschild.com
- David R Doyle    ddoyle@foxrothschild.com, kjanecki@foxrothschild.com
- Michael M. Eidelman    meidelman@vedderprice.com, ecfdocket@vedderprice.com; michael-eidelman-9405@ecf.pacerpro.com;7610@ecf.pacerpro.com
- Joseph O Enright    penright@ohfdlaw.com, dyucuis@ohfdlaw.com
- Robert M Fishman    rfishman@foxrothschild.com, kjanecki@foxrothschild.com

- Geoffrey S. Goodman   ggoodman@foley.com, egreen@foley.com; dnichols@foley.com
- Ava Gould   agould@cftc.gov
- Gordon E. Gouveia   ggouveia@foxrothschild.com, orafalovsky@foxrothschild.com
- Allen J Guon   aguon@foxrothschild.com, plove@foxrothschild.com; chdocket@foxrothschild.com
- John W Guzzardo   jguzzardo@hmblaw.com, ecfnotices@hmblaw.com
- Bernard A Henry   bhenry@rieckcrotty.com
- David Paul Holtkamp   dholtkamp@wfactorlaw.com
- Stephanie K. Hor-Chen   schen@vedderprice.com
- Allison Hudson   ahudson@vedderprice.com, ecfdocket@vedderprice.com
- Kevin M Hyde   khyde@shawfishman.com, kbobb@shawfishman.com
- Paula K. Jacobi   pjacobi@btlaw.com, jsantana@btlaw.com
- Cindy M. Johnson   cjohnson@jnlegal.net, KLindsey@jnlegal.net
- Andrew Jones   andrew@ajoneslaw.com
- Patrick M Kinnally   pkinnally@kfkllaw.com, mlenert@kfkllaw.com; tdegrado@kfkllaw.com
- Thomas S Kiriakos   tkiriakos@mayerbrown.com, Courtnotification@mayerbrown.com
- James C. Koutoulas   jk@typhoncap.com
- Patrick S Layng   USTPRegion11.ES.ECF@usdoj.gov
- Vincent E. Lazar   vlazar@jenner.com, docketing@jenner.com;thooker@jenner.com
- Randall M Lending   rlending@vedderprice.com, trobinson@vedderprice.com; ecfdocket@vedderprice.com;7610@ecf.pacerpro.com;randall-lending-6329@ecf.pacerpro.com; toni-robinson-6174@ecf.pacerpro.com
- Susan Levy   susanjlevy@aol.com
- Kyle A Lindsey   klindsey@jnlegal.net, cjohnson@jnlegal.net
- James J McNamara   jmcnamara@srcattorneys.com
- Michael C. Moody   mmoody@orourkeandmoody.com, firm@orourkeandmoody.com, morourke@orourkeandmoody.com
- David A. Newby   dnewby@momkus.com, lholub@momkus.com
- Michael J O'Rourke   morourke@orourkeandmoody.com, firm@orourkeandmoody.com
- Francis J. Pendergast   fpendergast@crowleylamb.com, mfarhoud@crowleylamb.com; docket@crowleylamb.com
- James A Pope   jpope@popelegal.com, G33454@notify.cincompass.com
- Mark L Radtke   mradtke@foxrothschild.com, plove@foxrothschild.com; chdocket@foxrothschild.com
- Jack A Raisner   jar@outtengolden.com, jxh@outtengolden.com; kdeleon@outtengolden.com;kcarter@outtengolden.com
- Marc S Reiser   mreiser@shawfishman.com, mlites@shawfishman.com
- Robert E Richards   robert.richards@dentons.com, NDIL_ECF@dentons.com
- Peter J Roberts   proberts@foxrothschild.com, cknez@foxrothschild.com
- Steven Robinson   steven.robinson@sidley.com, steve.robinson@gmail.com
- Mark J Rose   mjroseesq@aol.com
- Rene S Roupinian   rsr@outtengolden.com, jxh@outtengolden.com; kdeleon@outtengolden.com;kcarter@outtengolden.com;jquinonez@outtengolden.com; bkouroupas@outtengolden.com

- Richard A. Saldinger     rsaldinger@llflegal.com
- Christina Sanfelippo     csanfelippo@foxrothschild.com, orafalovsky@foxrothschild.com
- Jessica M Scheller     jscheller@atg.state.il.us
- Vincent Paul Schmeltz III     vschmeltz@btlaw.com, jzipfel@btlaw.com; jlennon@btlaw.com
- Sean T Scott     stscott@mayerbrown.com, mlotito@mayerbrown.com
- Scott A Semenek     scott.semenek@faegrebd.com, droberg@faegrebd.com
- Brian L Shaw     bshaw@foxrothschild.com, cknez@foxrothschild.com
- Peter A Siddiqui     peter.siddiqui@kattenlaw.com
- Alan P. Solow     alan.solow@dlapiper.com, docketingchicago@dlapiper.com; oksana.koltko@dlapiper.com
- David Stein     ds@girardgibbs.com, 7316370420@filings.docketbird.com
- Gregory K Stern     greg@gregstern.com, steve_horvath@ilnb.uscourts.gov
- Anne W Stukes     astukes@cftc.gov, ogcecf@cftc.gov
- Jonathan D Sundheimer     jsundheimer@btlaw.com
- William W Thorsness     wthorsness@vedderprice.com, ecfdocket@vedderprice.com; ewatt@vedderprice.com;7610@ecf.pacerpro.com;william-thorsness-6297@ecf.pacerpro.com
- Rue K Toland     rtoland@mayerbrown.com
- John Edward Waters     IDRBankruptcy@Iowa.gov
- Stefanie Wowchuk McDonald     stefanie.mcdonald@dentons.com, NDIL_ECF@dentons.com
- Joseph R. Ziccardi     jziccardi@ziccardilaw.com
- Jonathan Zinman     jzinman@soluslp.com
- Bruce E de'Medici     bdemedici@gmail.com

**U.S. Mail and E-mail**
Paula Jacobi
Barnes & Thornburg LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606
pjacobi@btlaw.com

4

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| *In re:* | ) | Chapter 7 |
| | ) | |
| PEREGRINE FINANCIAL GROUP, INC., | ) | Case No. 12-27488 |
| | ) | |
| *Debtor.* | ) | Hon. Carol A. Doyle |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH**
**UNIVERSITY OF IOWA AND UNIVERSITY OF IOWA FOUNDATION AND**
**SHORTEN NOTICE**

Ira Bodenstein, not individually but solely as the duly appointed chapter 7 trustee (the "Trustee") of the bankruptcy estate of Peregrine Financial Group, Inc. (the "Debtor" or "PFG"), pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 9019, hereby moves for entry of an order approving a settlement that he reached with the University of Iowa ("UI") and the University of Iowa Foundation (the "Foundation"). In support of the Motion, the Trustee respectfully states as follows:

**Jurisdiction**

1.      This Court has core jurisdiction over the Motion under 28 U.S.C. § 157(b)(2)(A) and (M).

**Factual Background**

**A.      Overview**

2.      On July 10, 2012 (the "Petition Date"), PFG filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-entitled case (the "Case").

3.      On July 11, 2012, the Office of the United States Trustee appointed the Trustee as the chapter 7 Trustee for the Debtor's bankruptcy estate (the "Estate").

4. Prior to the Petition Date, PFG was a brokerage firm specializing in futures and foreign exchange trading with its headquarters located at One Peregrine Way, Cedar Falls, Iowa. From its inception through the Petition Date, PFG was a registered futures commission merchant ("FCM"). As an FCM, the Debtor was required to maintain at least one segregated account for its customers' funds. PFG maintained a segregated account, with an account number ending 1845 (the "Customer Seg. Account"), at U.S. Bank, N.A.

5. Russell R. Wasendorf, Sr. ("Wasendorf") was the Chief Executive Officer and Chairman of the Board of PFG from its inception.

**B.    Adversary Proceeding**

6. On July 3, 2014, the Trustee filed an adversary proceeding, Adv. Pro. No. 14-440 (the "Adversary Proceeding"), against the Foundation and Peregrine Charities ("Charities"). In the Adversary Proceeding, the Trustee alleged that PFG had transferred $364,760.00 from the Customer Seg. Account to the Foundation through PFG's purported charitable fundraising entity, Charities.

7. On October 17, 2016, with leave of the Court, the Trustee filed an amended complaint wherein Charities was omitted as a party defendant, and the amount sought by the Trustee against the Foundation was reduced to $285,456.00 (the "Transferred Funds").

8. On May 2, 2018, with leave of the Court, the Trustee filed a second amended complaint wherein the University of Iowa was added as an additional defendant ("Complaint"). In the Complaint, the Trustee asserted, pursuant to 11 U.S.C. §§ 544, 548, 550 and 764, and the Iowa Uniform Fraudulent Transfer Act, Iowa Code § 684.1 *et seq.*, that the transfer of the Transferred Funds was avoidable and the Transferred Funds were recoverable from UI and/or the Foundation for the benefit of the Estate (the "Avoidance Claims").

**C.    Settlement**

9. The Trustee, UI and the Foundation have reached a settlement (the "Settlement") that will resolve the Adversary Proceeding, as set forth in the proposed settlement agreement attached hereto as Exhibit A (the "Agreement"). Under the terms of the Settlement, UI and the Foundation have agreed to pay the Trustee the total amount of $85,636.80 (the "Settlement Amount"). In return, the Trustee has agreed to waive and release UI and the Foundation, as well as departments and agencies of the State of Iowa, from any liability resulting from the Transferred Funds. UI and the Foundation have agreed to give the Trustee and the Estate a reciprocal release. Upon entry of a final order granting this Motion and the Trustee's receipt of the Settlement Payment, the parties shall dismiss the Adversary Proceeding.

10. The Trustee has determined that the Settlement, which was the result of arms' length negotiations conducted in good faith, is fair and reasonable in all respects and represents a favorable resolution in a manner that is in the best interests of the Estate, as discussed below. Accordingly, the Trustee seeks authority to take all actions necessary to consummate the Settlement.

**Relief Requested**

11. Fed. R. Bankr. P. 9019(a) authorizes the Court, after a hearing on such notice as the Court directs, to approve a compromise or a settlement. The central issue in approving a bankruptcy settlement is whether the settlement is in the "best interests of the estate." *In re Energy Co-op., Inc.*, 886 F.2d 921, 927-29 (7th Cir. 1989); *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987). In order to make that determination, the Court must compare "the value of the settlement with the probable costs and benefits of litigating." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). The approval of a settlement is committed to the sound discretion of the bankruptcy court. *In re*

3

*Commercial Loan Corp*, 316 B.R. 697, 698 (Bankr. N.D. Ill. 2004) (citing *In re Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992)).

12. Courts primarily consider four factors in determining whether to approve or disapprove a settlement under Fed. R. Bankr. P. 9019(a). *In re Central Ice Cream Co.*, 59 B.R. 476, 487 (Bankr. N.D. Ill. 1985); *In re Flight Transp.Corp.*, 730 F.2d 1128, 1135-36 (8th Cir. 1984). The factors are: (a) the likelihood of success; (b) the difficulties in collection; (c) the complexity of the litigation, the expense, inconvenience and delay; and (d) the paramount interest of the creditors in proper deference to their reasonable views. *In re Central Ice Cream Co.*, 59 B.R. at 487; *In re Trism, Inc.*, 282 B.R. 662, 668 (B.A.P. 8th Cir. 2002).

13. In this case, UI and the Foundation have raised a number of defenses to the Complaint that, if successful, could preclude the Trustee from recovering the Transferred Funds. UI has raised the statute of limitations, arguing that the Complaint naming UI does not "relate back" to the initially filed complaint against the Foundation and Charities. Among other defenses, the Foundation alleges that it is not an initial transferee of the Transferred Funds for purposes of 11 U.S.C. § 550, because the Debtor initially paid the Transferred Funds to Charities, which in turn paid the funds to the Foundation. The Foundation moreover disputes the Trustee's position that Charities was a "mere conduit" for the funds.

14. Given the uncertain outcome of the litigation against UI and the Foundation and the fact-intensive nature of the defenses, the Trustee believes the Settlement is in the best interests of the Estate. In negotiating the Settlement, the Trustee and his counsel assessed (i) the anticipated costs of continued litigation with UI and the Foundation, (ii) the corresponding risks involved in the litigation, and (iii) the fact that an immediate resolution can be achieved through the Settlement. The Trustee ultimately concluded that the Settlement is fair in all respects and represents a favorable resolution in a manner that is consistent with the best interests of the Estate

and its creditors. He respectfully submits that the Settlement "falls into the range of possible litigation outcomes," and therefore should be approved. *In re Holly Marine Towing, Inc.*, 669 F.3d 796, 801 (7th Cir. 2012).

### Request for Shortened and Limited Notice

15. Notice of this Motion has been served upon: the United States Trustee and all parties requesting notice in the Case via the ECF/CM system, as well as on counsel for UI and the Foundation by U.S. Mail and email. Bankruptcy Rule 2002(a)(2) requires the Trustee to give at least 21 days' notice by mail to the debtor and all creditors of a "proposed use, sale or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown directs another method of giving notice." Given the expense of serving notice of the Motion on all creditors and the interest in reaching a prompt resolution of this matter, the Trustee respectfully requests that the Court limit the notice to that provided.

### Conclusion

WHEREFORE, Ira Bodenstein, not personally, but as chapter 7 trustee for the estate of Peregrine Financial Group, Inc., respectfully requests that the Court: (i) enter an order approving the Settlement pursuant to 11 U.S.C. § 363 and Fed. R. Bank. P. 9019, and (ii) grant such other just and appropriate relief.

*[the remainder of this page intentionally left blank]*

Dated: April 18, 2019

Respectfully submitted,

Ira Bodenstein, not personally, but as chapter 7 trustee for the estate of Peregrine Financial Group, Inc.

By:   */s/ David R. Doyle*
       One of his attorneys

Terence G. Banich
Mark L. Radtke
David R. Doyle
Fox Rothschild LLP
321 North Clark Street
Suite 800
Chicago, Illinois 60654
Phone: (312) 541-0151